[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSES #102
This is an underinsured motorist action in which the plaintiffs seek damages from their insurer pursuant to a policy of automobile insurance. It is therefore an action based upon an insurance contract and the rights of the parties are governed by the terms of the contract.
The defendant insurer has filed an answer containing three special defenses as to each of which the plaintiffs have filed a motion to strike. The first special defense alleges a contractual right of set-off against any recovery herein as to any Basic Reparations Benefits paid under the policy. The second special defense claims a reduction of any uninsured motorist payment in this action as to payments made by others who may be legally responsible for the plaintiffs injuries, and pursuant to any worker's compensation disability benefits law. These are also defenses asserted by reason of provisions in the insurance contract which are permitted by the Connecticut Insurance CT Page 3503 Regulations.
Since the plaintiffs' rights of recovery are governed by the terms of the policy, as are the obligations of the defendant the defendant should be entitled to plead contract provisions which affect these rights and obligations.
The third special defense stands on a different footing insofar as it seeks reduction of any award in the amount of "collateral sources" received in accordance with C.G.S. 52-225a. Under 52-225a a procedure for a post trial hearing is set forth which renders the third special defense inappropriate. Additionally, the third special defense does not refer to a contractual provision in the policy itself.
As to the plaintiffs' claim that the special defenses should be stricken as hypothetical, the pleadings are not submitted to the jury, and if the defendant can produce no evidence in support of the first and second special defenses, than they become moot.
Accordingly, the motion to strike is denied as to the first and second special defenses, and granted as to the third.
Bruce W. Thompson, Judge